MERGENT SERVICES and John Bal, Plaintiffs–Appellants,

v.

NOVA INFORMATION SYSTEMS, INC., Defendant–Appellee.

No. 06–2794–cv.

United States Court of Appeals, Second Circuit.

Oct. 3, 2007.

John Bal, New York, NY, pro se.

David J. Disabato (Robert F. Cossolini, on the brief), Budd Larner, P.C., New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Mergent Services and John Bal ("Bal"), pro se, appeal from an order of the District Court for the Southern District of New York (Wood, *J.*), granting summary judgment in favor of defendant-appellee. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A grant of summary judgment is reviewed *de novo*. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir.2006). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted).

Bal is the sole proprietor of a company that sells air-purifying equipment. Bal contracted with Nova to provide credit card processing services, and alleges Nova breached that contract by terminating it early, harming Bal's business. On appeal Bal principally argues that the contract's provision for early termination and related contract language were ambiguous and, when construed in the light of extrinsic evidence, either prohibited termination or raised a triable issue of fact.

The contract, a standard merchant processing agreement, stated that Nova had "cause for immediate termination" if Bal presented "excessive activity" to Nova, including "chargebacks ... in excess of one percent of the average monthly dollar amount of [the merchant's] card transactions." There is no dispute that the dollar value of the charges challenged by Bal's customers exceeded the permitted percentage, and that challenges resolved in the customer's favor are counted as "chargebacks." The parties dispute whether challenges resolved in Bal's favor were in fact "chargebacks" within the meaning of the contract. The district court correctly found the contract's language to provide unambiguously that "chargebacks" include all challenged charges, regardless of the reason for the challenge or its validity. When the plain meaning of the contract is clear, we do not consider extrinsic evidence and we enforce the parties' agreement as written. *Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.*,

906 F.2d 884, 889 (2d Cir.1990). Because Bal's total "chargebacks" exceeded the permitted amount, Nova rightfully terminated the contract.

Upon lawful termination of the contract, Nova was also within its rights to withhold funds belonging to Bal and to report his account to a credit card issuer's database of merchants terminated for cause. The contract expressly permitted Nova to create a reserve account in connection with a merchant terminated for cause, and to hold such funds for nine months after termination. It is undisputed on this record that Nova has returned these funds to Bal. The contract also expressly acknowledged that Nova was required to report a merchant's termination for cause to the credit card issuer's database.

Bal also argues that the written contract is invalid because although he signed it, Nova did not. But there is no record evidence of a separate, oral agreement or what its terms might be. So, if Bal disproves the validity of the written contract, he forfeits his claim as there is no evidence of any other agreement and there can be no breach of contract claim without a contract. *See R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 75–76 (2d Cir. 1984)

Bal's attempt to use Nova's filings in the district court to impugn Nova's credibility on appeal is unavailing because the contract is unambiguous on its face. The arguments presented to this Court for the first time in Bal's reply brief are deemed waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.2005).

Finding no merit in Bal's remaining arguments, we hereby **AFFIRM** the judgment of the district court.